UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TALLY ROWAN,

        Plaintiff,

v.                                                           Case No. 10-CV-483

CATHY JESS, CAPT. LANGWORTHY,
CAPT. GERKE, CAPT. COOPER, CAPT. NOBLE,
CAPT. HOCH, SGT. UNFERTH, SGT. HOCH,
SGT. VANDERSTREAK, SGT. WEBER,
SGT. BULLARD, SGT. MCGRAW,
SGT. VENNE, and MR. TARR,

        Defendants.

---

# ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $.48.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that upon arrival at Taycheedah Correctional Institution (TCI) on September 28, 2009, she asked to be voluntarily segregated to be protected from other inmates who might harm her. However, Captain Cooper denied

the request, verbally abused the plaintiff, and the plaintiff was placed in a cell with another inmate.

Next, the plaintiff alleges that defendants Capt. Noble and Capt. Hoch verbally abused her when she explained how climbing stairs caused her pain. After the plaintiff refused to come down the steps for the sixth time, she was placed in TLU and given sixteen days room confinement. On December 26, 2009, the plaintiff was assigned to an upper tier room but she refused to go, explaining that it caused her too much pain. The plaintiff was brought to segregation and put in TLU. The plaintiff was assigned to an upper tier room two more times, on February 13 and April 23, 2010, and both times she refused to go because the stairs caused her too much pain. She was placed in TLU both times. On May 10, 2010, Captain Cooper said the situation had been handled poorly by all and the plaintiff was given lower tier restriction based on her medical issues. The plaintiff was assigned to a room with inmate Claudia Cody.

When she arrived at room 105-MC-W, inmate Claudia Cody was arguing with staff about being given a roommate. The plaintiff knew Ms. Cody had picked fights with previous roommates but had never had issues with her personally. The plaintiff and Ms. Cody did not get along. Ms. Cody verbally abused the plaintiff and after Ms. Cody began threatening physical violence, the plaintiff pushed the button for help but Sgt. Bullard simply stated, "get along." According to the plaintiff, Ms. Cody assaulted her and the defendants failed to intervene:

> I attempted to stay out of the way and even ate my meals on my bed, while she hogged the entire room. When she finally went on her bunk for night, I explained I needed to use the table for legal work and was responded to with threats. I informed Claudia Cody if she put her hands on me, I would press charges and that is what I expect done! I asked her again to move her stuff and was again verbally abused with threats. I very considerately began moving her stuff nice and neatly to her areas, when she jump[ed] down and punched me as I turned around with a milk carton containing her utensils that spilled everywhere. I tried to walk away but she grabbed my shirt and punched me again. I tried to walk towards the button but she would not let go of my shirt. McGraw came to the door and asked what the problem was . . . I told him she hit me and won't let me use the table. Claudia told him there wouldn't be an issue, he said "good enough" and just walked away. So again I picked up the items on the table. I said "do it yourself then" and turned around to hand her the items - she cut me with a weapon. I did what I had to do to defend myself and then walked over to the button, pushed it and was waiting in front of the door. While Claudia Cody was on the other side of the room screaming that I was hitting her. McGraw came to the door a 2nd time and I showed him the marks on my face, neck and chest. He told Claudia to go on her bed! McGraw came back a 3rd time, Claudia was again threatening me. McGraw told Claudia to stop putting lotion on but she ignored him and continued to do so. When Mrs. Hoch and other staff finally came, I showed them I had slips about everything she'd already done previous filled out. I was arrested and put into TLU, after repeatedly being screamed at by Captain Langworthy to admit I was fighting. I had to ask several times for pictures to be taken. A picture of the inside of my lip or right knee was not taken. Upon entering my cell I noticed a cut on my stomach, a tiny one on the left side of my nose. My left jaw and both shoulder/chest area were also tender/bruised.

(Compl. at 5-6.) The plaintiff alleges that after the incident the nurse would not even give her ice. Her chest and ribs on the right side hurt, and it hurt to breathe. She pushed the button and told Sgt. Unferth who said, "[d]on't go there," and ignored her request for medical care. On May 18, 2010, Captain Cooper gave the plaintiff 270 days. The plaintiff alleges that, "[a]ll of these employees are well aware Claudia

Cody has spent the last 9 years in and out of segregation, for fighting" and that "[s]he has assaulted several other roommates." (Compl. at 8.) On May 19, 2010, the plaintiff was informed her custody level was increased to maximum, at Captain Gerke's request.

The plaintiff claims that her "constitutional rights have been violated by all the staff for their failure to intervene, endangering my health and safety, my liberty rights with their retaliation of lengthy sentence and increase in my custody class, etc." (Compl. at 8.) She seeks injunctive relief and compensatory damages.

In order to prevail on a claim that the defendants were deliberately indifferent to the danger that Claudia Cody would injure her, the plaintiff must show that the defendants were actually aware that her cellmate posed a substantial risk of serious injury to her yet failed to take appropriate steps to protect her from that danger. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). A substantial risk of serious harm exists where custodians know of threats to specific prisoners posed by a specific source, or place prisoners in the same cell as an inmate known to have violent propensities. *See Brown v. Budz*, 398 F.3d 904, 914-15 (7th Cir. 2005) (collecting cases). The plaintiff may proceed on an Eighth Amendment failure to protect claim. She may also proceed on an Eighth Amendment medical care claim based on alleged denial of medical treatment after the incident. *See Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

However, the plaintiff may not proceed on a claim that any defendant verbally abused her. *See Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445-46 (7th Cir. 2009). Moreover, although the plaintiff claims that the defendants retaliated against her by imposing a segregation sentence and increasing her custody classification, there is no indication that the alleged adverse action was in retaliation for any protected activity. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Hence, the plaintiff does not state a retaliation claim. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

In sum, based on the complaint allegations, the court finds that the plaintiff may proceed on an Eighth Amendment failure to protect claim against defendants Capt. Cooper, Sgt. Bullard, Sgt. McGraw, Sgt. Hoch, and Capt. Langworthy. She may also proceed on an Eighth Amendment medical care claim against defendant Sgt. Unferth based on allegations that he ignored her requests for medical care following the incident. The remaining claims and defendants will be dismissed.

**Additional Matters**

The plaintiff has filed a motion for injunctive relief in which she requests that the court order TCI to immediately provide her both lower tier and single cell restrictions. A party seeking a preliminary injunction must demonstrate that she is reasonably likely to succeed on the merits, that she is experiencing irreparable harm that exceeds any harm her opponent will suffer if the injunction issues, that she lacks an adequate remedy at law, and that the injunction would not harm the public

interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis," which is to say "the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Id. (*citing *Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004)).

In this case, at this stage of the proceedings, the plaintiff has not shown that she is reasonably likely to succeed on the merits or that she does not have an adequate remedy at law. Thus, the court will not order injunctive relief at this time.

The plaintiff has filed a motion to add defendant in which she seeks to add Deputy Warden Schaub as a defendant. According to the plaintiff, it was Schaub's personal decision to deny her appeal of unjust punishment that resulted in cruel treatment, put her in imminent danger and harm, and denied her the ability to obtain proper medical treatment. However, if the plaintiff wishes to proceed on a claim against Deputy Warden Schaub, she should file an amended complaint. The Local Rules provide in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15 (E.D. Wis.)

The plaintiff has filed a motion to correct spelling of defendants. These corrections will be made in the record. Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #4) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Cathy Jess, Capt. Gerke, Capt. Noble, Capt. Hoch, Sgt. Vanderstreak, Sgt. Weber, Sgt. Venne, and Mr. Tarr be and the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for injunctive relief (Docket #5) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to add defendant (Docket #6) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to correct spelling of defendants (Docket #7) be and the same is hereby **GRANTED**. The Clerk's Office shall correct the spelling of the defendants as follows: Sgt. Vanderstreak should be Sgt. Vande Streek; Sgt. Weber should be Correctional Officer Weber; Sgt. Bullard should be Correctional Officer Bullard; Sgt. McGraw should be Correctional Officer McGraw.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this

order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.52 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that she is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge